# THE HARMAN FIRM, LLP

Attorneys & Counselors At Law
www.theharmanfirm.com

Edgar M. Rivera
381 Park Avenue South, Suite 1220
New York, New York 10016
T: 212.425.2600 F: 212.202.3926
E: erivera@theharmanfirm.com

October 9, 2018

**VIA ECF**

Hon. Debra Freeman
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:    ***Elana Hirsch v. Premier Retail Group, Inc. et al.*, 18 CV 2295**

Dear Judge Freemen:

We represent Plaintiff Elana Hirsch in the above-mentioned action against Defendants Premier Retail Group, Inc., Nadav Houri, Ido Sharir, and David Maor.  Plaintiff and Defendants have entered into a Settlement Agreement and Release of Claims (the "Settlement Agreement"), which provides for a total settlement amount of $18,000.  The Parties now jointly move for approval of the Settlement Agreement, which is attached hereto, and for the Court retain jurisdiction over the enforcement of the Settlement Agreement.

## BACKGROUND

Ms. Hirsch was employed as a Salesperson at Infinite Beauty, which sells high-markup skincare products and facelift procedures.  Ms. Hirsch sold Infinite Beauty's products and procedures to clients, solicited potential customers, and performed various tasks around Infinite Beauty's store, such as cleaning and sweeping.

On March 15, 2018, Ms. Hirsch filed a complaint alleging that Defendants failed to pay her the minimum wage, in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq.*, and the New York State Labor Law (NYLL), N.Y. Lab. Law §§ 1 *et seq.*  She also alleged that Defendants Infinite Beauty, Sharir, and Maor discriminated against her based on her disability, in violation of the New York City Human Rights Law (NYCHRL), N.Y.C. Admin. Code §§ 8-101 *et seq.*  Ms. Hirsch also claimed Defendants Infinite Beauty, Sharir, and Maor retaliated against her for her complaints about disability discrimination, in violation of the NYCHRL, and wage-and-hour violations, in violation of NYLL § 215 and the FLSA.  Defendants deny the allegations in the lawsuit.  On August 24, 2018, the Parties participated in a settlement conference before Your Honor, which resulted in a settlement.

Judge Debra Freeman
October 9, 2018
Page 2 of 4

## LAW

Under *Cheeks v. Freeport Pancake House, Inc.*, "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court … to take effect." 796 F.3d 199, 206 (2d Cir. 2015). The district court "must scrutinize the settlement agreement to determine that the settlement is fair and reasonable." *Wolinsky v. Scholastic Inc.*, 900 F.Supp.2d 332, 335 (S.D.N.Y. 2012) (citing cases); *accord Hernandez v. Tabak*, 2013 WL 1562803, at *1 (S.D.N.Y. Apr. 10, 2013). Generally, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Crabtree v. Volkert, Inc.*, 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013) (citations and internal quotation marks omitted). In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. SITA Info. Networking Computing USA, Inc.*, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008) (alteration in original) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)). As shown below, the Settlement Agreement is fair and reasonable.

## I.    The Settlement Agreement Is Fair and Reasonable.

In *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Court, identified five factors that are relevant to an assessment of fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Id.* at *2 (internal quotation marks omitted). The settlement here satisfies these criteria.

First, the total settlement represents significantly more than Plaintiff's actual allegedly unpaid wages. Given the risks these issues present, the settlement amount is reasonable. Second, the settlement will allow the parties to avoid the expense and aggravation of litigation. Defendants dispute that Plaintiff was an employee rather than an independent contractor, dispute the number of hours plaintiff claims to have worked, and argue that she was properly paid for all hours worked. Neither side appears has any documentary evidence corroborating their position with respect to hours worked but Defendants have documentary evidence regarding her employment status and monies paid. Thus, trial preparation would likely require depositions of both sides to explore these issues. The settlement avoids the necessity of conducting these depositions.

Third, the settlement will enable plaintiff to avoid the risk of litigation. To prevail at trial Plaintiff will bear the burden of proving that she was an employee and the number of hours she

Judge Debra Freeman
October 9, 2018
Page 3 of 4

worked. There is a non-trivial risk that a fact finder may not credit plaintiff's testimony. *See Bodon v. Domino's Pizza*, LLC, No. 09-CV-2941 (SLT), 2015 WL 588656 at \*6 (E.D.N.Y. Jan. 16, 2015) (Report & Recommendation) ("[T]he question [in assessing the fairness of a class action settlement] is not whether the settlement represents the highest recovery possible ... but whether it represents a reasonable one in light of the uncertainties the class faces...." (internal quotation marks omitted)), *adopted sub nom. by, Bodon v. Domino's Pizza, Inc.*, 2015 WL 588680 (E.D.N.Y. Feb. 11, 2015).

Fourth, the fact that the net settlement amount to be received by plaintiff is more than her actual wage-and-hour damages strongly suggests that the settlement is the non-collusive product of arm's-length bargaining between experienced counsel.

Fifth, there are no factors here that suggest the existence of fraud.

Finally, the settlement provides that 33.3 percent of the net settlement fund—$6,000.00—will be paid to plaintiff's counsel as a contingency fee. Contingency fees of one-third in FLSA cases are routinely approved in this Circuit. *See e.g., Santos v. EL Tepeyac Butcher Shop Inc.*, 15 Civ. 814 (RA), 2015 WL 9077172 at \*3 (S.D.N.Y. Dec. 15, 2015); *Palacio v. E\*TRADE Fin. Corp.*, 10 Civ. 4030 (LAP) (DCF), 2012 WL 2384419 at \*6-7 (S.D.N.Y. June 22, 2012) (Freeman, M.J.).

Accordingly, the Court should approve the settlement agreement.

## II. The Confidentiality Provision Is Permissible and Not Inconsistent With The Underlying Policies of the FLSA.

The Parties Settlement Agreement contains a limited confidentiality provision that restricts Plaintiff's ability to publicly disclose information about the discrimination claims in this lawsuit, and her employment with, and separation from, Defendants as they relate only to her discrimination and retaliation claims and general treatment by Defendants. The confidentiality provision, however, specifically allows Plaintiff to "discuss[], disclos[e] or otherwise disseminat[e] to any third party, including current and former employees of Defendants, any information about the alleged violations of the wage and hour laws as set forth in this Litigation, the terms of this Agreement, or anything else related to Plaintiff's employment with Defendants with respect to alleged violations of the wage and hour laws by Defendants." Because of this permissive carve out, the confidentiality provision does not run afoul of the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and its progeny. The concern in *Cheeks*, and cases decided before and after *Cheeks*, was broad confidentiality provisions that prohibited plaintiffs from publicly disclosing the terms of FLSA settlements in contradiction with public policy and the underlying goals of the FLSA "to advance employees' awareness of their FLSA rights and to ensure pervasive implementation of the FLSA in the workplace." *Souza v. 65 St. Marks Bistro*, 15-CV-327 (JLC), 2015 U.S. Dist. LEXIS 151144, \* 13 (S.D.N.Y. Nov. 6, 2015) (citing *Camacho v. Ess-A-Bagel, Inc.*, No. 14-CV-2592 (LAK), 2015 U.S. Dist. LEXIS 2658, \* 8 (S.D.N.Y. Jan. 9, 2015)). Those concerns are not implicated here and are actually protected because Plaintiff is specifically permitted to disclose the terms of the settlement and to discuss the alleged wage and hour violations by Defendant with the public and her former co-workers.

Judge Debra Freeman
October 9, 2018
Page 4 of 4

For these reasons, the Court should approve this settlement agreement including the confidentiality provision as drafted.  *See Santos v. Yellowstone Props.*, 15 Civ. 3986 (PAE), 2016 U.S. Dist. LEXIS 61994, \* 8-9 (S.D.N.Y. May 10, 2016) (approving settlement of FLSA and discrimination claims where plaintiff signed confidentiality agreement relating to his discrimination claims but was not precluded from discussing his FLSA and NYLL claims).

**III.    The Court should retain jurisdiction over the enforcement of the Settlement Agreement.**

The Court should enter the Stipulation of Dismissal, attached as Exhibit A to the Settlement Agreement, and retain jurisdiction of the action.  In *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375 (1994), the Supreme Court held that a district court has the jurisdiction to enforce a settlement agreement following the dismissal of an action where (1) the court retains jurisdiction, either by expressly doing so or by incorporating the terms of the settlement into its dismissal order, or (2) there is an independent basis for federal jurisdiction. *Id* at 378.

Here, the Parties request that the Court accept the Stipulation of Dismissal, in which the terms of settlement are incorporated by reference, and retain jurisdiction over the case after court approval of the Settlement Agreement.  The granting of this request will ensure that Plaintiff can quickly and enforce the settlement.

\*          \*          \*          \*          \*

We thank the Court for its time and consideration in this matter and respectfully request that the Court expeditiously approve the Settlement Agreement to start the payment period.

Respectfully submitted,

Edgar M. Rivera

cc:    All Counsel of Record, via ECF

Enclosure (the Settlement Agreement)