```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  11/8/18
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELANA HIRSCH, on behalf of herself and those similarly situated,

                       Plaintiff,

-against-

PREMIER RETAIL GROUP, INC., d/b/a INFINITE BEAUTY, d/b/a ORGANIC BEAUTY, d/b/a PREMIER SKINCARE, d/b/a NATURE'S ELITE, INC., d/b/a BEAUTIFUL NATURALLY, INC., d/b/a APEIRO INC., d/b/a INFINITE BEAUTY INTERNATIONAL, INC., d/b/a TEVA ELIT PRG, and d/b/a FOREVER FLAWLESS; NADAV HOURI, individually; IDO SHARIR, individually; and DAVID MAOR, individually,

                       Defendants.

18cv02295 (DF)

**ORDER OF DISMISSAL**

**DEBRA FREEMAN, United States Magistrate Judge:**

In this action under the Fair Labor Standards Act and the New York Labor Law, which is before this Court on the consent of the parties pursuant to 28 U.S.C. § 636(c), plaintiff Elana Hirsch ("Plaintiff") and defendants Premier Retail Group, Inc., d/b/a Nature's Elite, Inc., d/b/a Infinite Beauty, and Nadav Houri, having reached an agreement in principle to resolve the action, have placed their proposed agreement (Dkt. 23-1 (the "Settlement Agreement")), before this Court for approval. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 1999 (2d Cir. 2015) (requiring judicial fairness review of FLSA settlements). The parties have also submitted a letter (Dkt. 23) explaining why they believe the Settlement Agreement is fair, reasonable, and adequate. This Court has reviewed the parties' submissions in order to determine whether the Settlement Agreement, which has been fully executed by the parties, represents a reasonable compromise of the claims asserted in this action, and, in light of the totality of the relevant

circumstances, including the representations made in the parties' letter, the terms of the Settlement Agreement, and this Court's own familiarity with the strengths and weaknesses of the parties' positions (as became evident during an arms-length settlement mediation conducted by this Court), it is hereby ORDERED that:

1. The Court finds that the terms of the Settlement Agreement are fair, reasonable, and adequate, both to redress Plaintiff's claims in this action and to compensate Plaintiff's counsel for their legal fees, and the Settlement Agreement is therefore approved.

2. The Court notes that the parties have attached to the Settlement Agreement as Exhibit B a proposed Stipulation and Order of Dismissal (*see* Dkt. 23-1, at 14-15), which recites the parties' agreement "that the Court retain jurisdiction to enforce the [Settlement] Agreement." The Court further notes that, in the parties' letter to the Court, seeking approval of the settlement, the parties have specifically requested that the Court retain jurisdiction for purposes of enforcement. (*See* Dkt. 23, at 4.) Accordingly, in order to effectuate the intent of the parties with respect to enforcement, the Court will retain jurisdiction over this matter, solely for the purpose of enforcing the settlement.

3. As a result of the Court's approval of the parties' executed Settlement Agreement, this action is hereby discontinued with prejudice and without costs or fees to any party. The Clerk of Court is directed to close this case on the Docket of the Court.

Dated: New York, New York
      November 8, 2018

                                            SO ORDERED

                                            _____
                                            DEBRA FREEMAN
                                            United States Magistrate Judge

Copies to:

All counsel (via ECF)